Filed 9/27/21  P. v. Aceves CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090221 |
| v. | (Super. Ct. No. 18FE018268) |
| ALEJANDRO JARAMILLO ACEVES, | |
| Defendant and Appellant. | |

A jury found defendant Alejandro Jaramillo Aceves guilty of possessing heroin in prison.  On appeal, defendant asks us to review the sealed in camera record of the hearing on his *Pitchess*[1] motion to determine whether the trial court complied with its procedural obligations and, if so, whether it abused its discretion in finding no documents responsive to his request.  Having reviewed the *Pitchess* proceedings, we conclude there was no error or abuse of discretion.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

## BACKGROUND

Correctional Sergeant Eduardo Aguilar searched defendant, then a prisoner, and found a bindle weighing 13.20 grams containing a hard, dark brown substance that smelled of vinegar. Aguilar believed it to be heroin and later analyses confirmed it was heroin.

Defendant was charged with possessing heroin in prison (Pen. Code, § 4573.6) with the allegation he had a prior strike (*id*., §§ 667, subds. (b)-(i) & 1170.12).

Before trial, defendant filed a *Pitchess* motion seeking Aguilar's personnel records. Defendant contended there was a history of complaints against Aguilar for falsifying evidence. The trial court found good cause to examine the records for any evidence of dishonesty or fabrication. After an in camera review of the records, the trial court ordered the transcripts of the review sealed and found there was no discoverable information.

On August 14, 2019, a jury found defendant guilty on the one count and the trial court found true the prior strike allegation. Defendant was sentenced to two years in prison, doubled for the prior strike to four years.

## DISCUSSION

Defendant asks us to review the sealed in camera hearing transcript to determine whether the trial court abused its discretion in concluding there was no relevant personnel records requiring disclosure. The People have no objection to this request.

With a *Pitchess* motion, a criminal defendant can "compel discovery" of certain information in a law enforcement official's personnel files. The defendant must first demonstrate good cause by making "general allegations which establish some cause for discovery" of the information and by showing how it would support a defense to the charge against him. (*Pitchess, supra*, 11 Cal.3d at pp. 536-537; see Evid. Code, § 1043, subd. (b)(3).) If the trial court concludes good cause has been established, the custodian of the officer's records brings to court all the potentially relevant records and, in camera,

2

the trial court determines whether any information from the records need be disclosed to the defense. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226; see Evid. Code, §§ 915, subd. (b), 1045, subd. (b).) "A trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard." (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220.)

Having independently reviewed the sealed transcript of the *Pitchess* proceeding, we conclude the court followed proper *Pitchess* procedures and did not erroneously withhold any information. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 646-648.) The custodian of records represented she did a thorough and complete search of all places where records might exist, and there were no complaints or investigations or anything of that nature within the parameters of the court's inquiry (falsifying evidence or dishonesty).

DISPOSITION

The judgment is affirmed.


_____
        /S/
MAURO, J.



We concur:



_____
    /S/
ROBIE, Acting P. J.



_____
    /S/
DUARTE, J.


3